UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| BOYS AND GIRLS CLUB OF McALLEN, INC., | § § § | |
| PLAINTIFF | § § | |
| v. | § § | CIVIL ACTION NO. 7:14-cv-00397 |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, VERICLAIM INC., COMMERCIAL INSURANCE SERVICES INC., CHARLES ALAN RUSCHER, DESIREE GRASSO and MICHAEL QUICI, | § § § § § § § § | |
| DEFENDANTS. | § | |

**DEFENDANTS COMMERCIAL INSURANCE SERVICES INC. & DESIREE GRASSO
RULE 12(b)(2), (6) MOTION TO DISMISS**

Defendants Commercial Insurance Services Inc. ("CIS") and Desiree Grasso file this Motion to Dismiss pursuant to Rule 12(b)(2) and (6) as there is no viable claim against CIS and Grasso, and further, there is no personal jurisdiction over Grasso individually.

**I.
BACKGROUND**

Plaintiff filed this suit because it was unsatisfied with the amount paid by its property insurer, Philadelphia Indemnity Insurance Company ("Philadelphia"), on a hail claim. Plaintiff has also sued multiple other defendants, including CIS and Grasso, claiming they are all independent insurance adjusters (which is false) and have purportedly violated the Texas Insurance Code, made fraudulent representations to Plaintiff, and conspired to commit fraud. The Complaint [Doc. 1-2] fails to state a claim against Defendants CIS and Grasso, and they should be dismissed from this action as a matter of law. Additionally, this court does not have personal jurisdiction over Grasso, who has never set foot in Texas.

## II.
## ARGUMENT AND AUTHORITIES

**A.** **RULE 12(B)(6) STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 12 (b)(6), the Complaint should be dismissed for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The factual allegations must be sufficient to raise the right to relief above a speculative level. *Lexington Ins. Co. v. S.H.R.M. Catering Servs., Inc.*, 567 F.3d 182, 184 (5th Cir. 2009). "Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the pleader is plausibly entitled to relief." *Bell Atl. Corp.*, 550 U.S. at 557. "[If] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S.Ct. at 1940-41. Determining whether relief is "plausible" is not static, but requires a Court to construe the claims in light most favorable to plaintiff and "to draw on its judicial experience and common sense." *Id*. at 1940; *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

When reviewing a complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 129 S.Ct. at 1949-50. "[A] plaintiff must plead specific facts, not mere conclusional allegations, to avoid dismissal for failure to state a claim." *See Kane Enterprises v. MacGregor (USA), Inc.*, 322 F.3d 371, 374 (5th Cir. 2003). Conclusory allegations and unwarranted deductions of fact are not accepted as true. *Id*. A pleading that

offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (internal citations omitted)).

**B.      PLAINTIFF'S SUIT SHOULD BE DISMISSED PURSUANT TO RULE 12(b)6 BECAUSE THE COMPLAINT FAILS TO STATE ANY PLAUSIBLE CLAIM TO RELIEF AGAINST CIS AND GRASSO.**

Plaintiff alleges that CIS is a "foreign adjusting company" and that both CIS and Grasso are "engaged in the business of adjusting insurance claims in the State of Texas."  While this statement is false, even if CIS/Grasso were independent adjusters there is no viable cause of action against them.

The Complaint does not allege a contractual relationship or any other relationship between CIS and Plaintiff.  Rather, the Complaint alleges that Defendant Philadelphia hired CIS to adjust the claim and that CIS's employee, Grasso, was an individual adjuster on the claim. [¶23]  Plaintiff contends that CIS and Grasso performed an "inadequate and unreasonable investigation" that Defendant Philadelphia relied upon to undervalue and underpay Plaintiff's claim. [¶25, 27]  The Complaint also states that CIS and Grasso, together with the other Defendants, "set about to deny and/or underpay on properly covered damages." [¶28]  Plaintiff asserts causes of action against CIS and Grasso for alleged violations of Chapter 541 of the Texas Insurance Code, fraud and conspiracy to commit fraud.

Texas law is clear that an independent adjusting firm and its employees hired by an insurance carrier have no relationship with, and therefore no duty to, an insured.  *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 698 (Tex. 1994) (independent adjuster does not owe insured duty of good faith and fair dealing); *Crocker v. American Nat'l Gen. Ins. Co.*, 211 S.W.3d 928, 937

(Tex.App.—Dallas 2007, no pet.). "[A]bsent a contractual relationship between the insured and the adjuster, the adjuster could not be liable to the insured for improper investigation and settlement advice, 'regardless of whether [the insured] phrased his allegations as negligence, bad faith, breach of contract, tortious interference, or DTPA claims.'" *Id.* at 937-38. In *Crocker*, the homeowner insureds sued their insurer and the independent adjuster hired by the insurer to investigate their water damage and mold claim. The *Crocker* court dismissed the insureds' negligence, bad faith, and DTPA claims against the independent adjuster because the independent adjuster did not have any legal duty to the insureds for actions the independent adjuster took on behalf of the insurer. *Id.* at 937-38.

A close reading of Texas cases also reveals that an "independent" adjuster cannot be held liable for post-loss conduct under the Texas Insurance Code. The primary authority upon which cases discussing the liability of an independent adjuster under the Texas Insurance Code relies includes *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 483 (Tex. 1998), and *Gasch v. Hartford*, 491 F.3d 278, 280 (5th Cir. 2007). However, *Garrison* and *Gasch* involve a Texas Insurance Code cause of action against *an insurance company employee* acting as an adjuster, not an independent adjuster. *Id.* Under this authority, Plaintiff's Insurance Code claims are only viable against CIS and Grasso if they are Philadelphia Indemnity Insurance Company employees, which Plaintiff does not allege.

CIS and Grasso acknowledge there are some recent cases that have concluded an insured may bring a Texas Insurance Code claim against an independent adjuster. A review of the authorities cited by these courts, however, reveal an incorrect reading of the underlying cases. For example, numerous courts have relied upon *McNeel v. Kemper Cas. Ins. Co.*, No. Civ. A 3:04-CV-0734, 2004 WL 1635757, at *2-3 (N.D. Tex. July 21, 2004), for the principle that an

independent adjuster may be liable under the Texas Insurance Code.  A close reading of *McNeel*, however, reveals that the adjuster was <u>not</u> "independent," but rather an <u>employee</u> of insurer AMPICO.  *McNeel*, 2004 WL 1635757, at *4.  *Lindsey-Duggan, LLC v. Philadelphia Ins. Cos.*, Civ. A. No. SA-08-CA-736-FB, 2008 WL 5686084, at *2-3 (W.D. Tex. Dec. 15, 2008), is another case often cited as authority for an Insurance Code claim against an independent adjuster.  Once again, however, *Lindsey-Duggan* relies on *Gasch* and *Garrison Contractors*, which, as noted above, do not address the validity of a Texas Insurance Code claim against an independent adjuster.  *Lindsey-Duggan* also cites another opinion, *First Baptist Church v. Guideone Mut. Ins. Co.*, No. 1:07-CV-988, 2008 WL 4533729, *5 (E.D. Tex. Sept. 29, 2008), but notably, the *First Baptist Church* court also mistakenly cited *McNeel* as holding an independent adjuster may be liable under the Insurance Code when *McNeel* actually applied the settled principle of law that the Insurance Code applies to an insurer's employee-adjuster.

Moreover, the Complaint asserts that CIS and Grasso's involvement occurred <u>after</u> the loss. [¶¶21-23]  Accordingly, any alleged representation made by CIS and/or Grasso to Plaintiff occurred <u>after</u> the loss.  Under Texas law, post-loss representations are not actionable when they are not the producing cause of any damage to the insured.  *See Royal Globe Ins. Co. v. Bar Consultants, Inc.*, 577 S.W.2d 688, 695 (Tex. 1979); *Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 200 (Tex. 1998) (producing cause is an element of an Insurance Code violation under article 21.21, which is now section 541).  In this case, any alleged representation by CIS and/or Grasso does not change the fact of the loss or any coverage available under the Philadelphia policy.  Thus, Plaintiff could not have been damaged by any alleged post-loss representation *by CIS or Grasso to Plaintiff* to state a valid claim.  Not surprisingly, the Complaint makes no attempt to explain how anything CIS or Grasso said post-loss could have

caused it damage.  Accordingly, the fraud and representation-based Insurance Code allegations fail to state a claim against either CIS or Grasso.

Finally, the vague fraud and conspiracy claims fail to reference any specific facts, acts, statements or evidence to support these baseless allegations.  "Mentioning defendants and then failing to state specific actionable conduct against them does not suffice to state a claim against them." *Bailey v. State Farm Lloyds*, CIV.A. H-00-3638, 2001 WL 34106907, *6 (S.D. Tex. Apr. 12, 2001); *see Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir.1999) ("We cannot say that [Plaintiff]'s petition, which mentions [the agent] once in passing, then fails to state any specific actionable conduct on her part whatsoever, meets even the liberalized requirements that permit notice pleading.").  Plaintiff has simply not met the pleading requirements of Federal Rule of Civil Procedure 9(b) for the fraud and conspiracy to commit fraud allegations against CIS and Grasso, and those claims should be dismissed.

### C. PLAINTIFF'S SUIT AGAINST GRASSO SHOULD BE DISMISSED PURSUANT TO RULE 12(b)2 FOR LACK OF PERSONAL JURISDICTION.

As an employee of CIS, an HVAC consultant hired by Philadelphia, Grasso made a few telephone calls and emails to the independent adjuster and local HVAC contractors hired by CIS who visually inspected and photographed the HVACs on Plaintiff's property.  Grasso never communicated with Plaintiff and has never been to the state of Texas.  She reviewed all information provided by the local contractors in Illinois and prepared an estimate for CIS's client, Philadelphia, in Illinois.  The assumption of jurisdiction over Grasso in Texas would place an extraordinary burden on her as she both resides and works in Illinois.

Grasso has never been to Texas and clearly there is no general jurisdiction in this case. Furthermore, Plaintiff's claim did not arise from or relate to the minimal contact Grasso had with Texas in obtaining background information on Plaintiff's HVACs.  Rather, Plaintiff's claim

arose from its disagreement with Philadelphia's adjustment of the loss. Grasso had no role in the insurance carrier's adjustment of Plaintiff's claim and there is no specific jurisdiction in this case.

Grasso does not have minimum contacts with Texas and the assumption of jurisdiction over her would violate due process. Accordingly, Plaintiff's claims against Grasso should be dismissed.

### III.
### CONCLUSION

Texas law does not support extending a Texas Insurance Code cause of action against an independent adjuster and there is no reasonable basis for the court to predict that Texas law would allow such recovery against CIS and Grasso. In any event, any alleged post-loss representations by CIS and Grasso could not have caused Plaintiff any harm. Furthermore, Plaintiff has failed to state a fraud claim against CIS and Grasso in accordance with notice requirements and Federal Rule of Civil Procedure 9(b). Finally, Grasso should also be dismissed as this court does not have personal jurisdiction over her.

WHEREFORE, Defendants Commercial Insurance Services, Inc. and Desiree Grasso pray that all of Plaintiff's claims against them be dismissed.

Respectfully submitted,

*/s/ Greg K. Winslett*
GREG K. WINSLETT
State Bar No. 21781900
Southern District Bar No. 13078
TAMMY L. CLARY
State Bar No. 24001894
Southern District Bar No.  600910

**QUILLING, SELANDER, CUMMISKEY & LOWNDS, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100
(214) 871-2111 (Fax)
gwinslett@qslwm.com
tclary@qslwm.com

**ATTORNEYS FOR COMMERCIAL INSURANCE SERVICES, INC. AND DESIREE GRASSO**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument is being served upon counsel for Plaintiff and Defendants, via certified mail, return receipt requested, in accordance with the Federal Rules of Civil Procedure, on this 11th day of June, 2014 as follows:

*Attorneys for Plaintiff*
Rene M. Sigman
The Mostyn Law Firm
3810 W. Alabama Street
Houston, Texas 77027

*Attorneys for Defendants Vericlaim Inc. and Charles Alan Ruscher*
Jay W. Brown
Bruce R. Wilkin
Winstead PC
1100 JPMorgan Chase Tower
600 Travis Street
Houston, Texas 77002

*Attorneys for Defendants Philadelphia Indemnity Ins. Co. and Michael Quici*
William R. Pilat
Kane Russell Coleman & Logan PC
919 Milam St., Suite 2200
Houston, Texas 77002

Michael A. Zanca
Roerig, Oliveira & Fisher, LLP
10225 North 10th Street
McAllen, Texas 78504

*/s/ Greg K. Winslett*
Greg K. Winslett / Tammy L. Clary